**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RUFINA GONZALEZ CRUZ, | No. 20-70767 |
| Petitioner, | Agency No. A202-017-960 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 7, 2021[**]
Seattle, Washington

Before: CHRISTEN and BENNETT, Circuit Judges, and KOBAYASHI,[***]
District Judge.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable Leslie E. Kobayashi, United States District Judge for the District of Hawaii, sitting by designation.

Rufina Gonzalez Cruz, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' (BIA) decision dismissing her appeal from the Immigration Judge's (IJ) order denying asylum, withholding of removal, and relief under the Convention Against Torture (CAT). We review questions of law de novo and factual findings for substantial evidence. *Brezilien v. Holder*, 569 F.3d 403, 411 (9th Cir. 2009). We have jurisdiction pursuant to 8 U.S.C. § 1252(a), and we deny the petition.[1]

1.      Substantial evidence supports the BIA's determination that Gonzalez Cruz did not suffer past harm rising to the level of persecution. In order to establish past persecution, an applicant must show: "(1) an incident, or incidents, that rise to the level of persecution; (2) that is 'on account of' one of the statutorily-protected grounds; and (3) is committed by the government or forces the government is either 'unable or unwilling' to control." *Navas v. INS*, 217 F.3d 646, 655–56 (9th Cir. 2000) (footnote omitted). Gonzalez Cruz has not been harmed by anyone on account of her faith since she converted to the Jehovah's Witness denomination many years ago, and the family members who threatened

---

[1] Because the parties are familiar with the facts, we recite only those facts necessary to decide the petition.

Gonzalez Cruz live in the United States. The record does not compel the conclusion that the 2015 drive-by shooting was related to petitioner's conversion.

2. We also conclude substantial evidence supports the BIA's determination that Gonzalez Cruz could relocate and thus did not have an objectively reasonable fear of future persecution. Gonzalez Cruz failed to appeal, and therefore waived, any challenge to the IJ's ruling that she can safely relocate to another part of Mexico. Even if not waived, this determination was supported by substantial evidence and defeats her claims for asylum and withholding. *See Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1029 (9th Cir. 2019).

3. Finally, Gonzalez Cruz argues the BIA erred by denying her application for CAT relief. The record does not compel a contrary conclusion. Gonzalez Cruz has failed to show it is more likely than not she will be tortured "by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity." *Garcia-Milian v. Holder*, 755 F.3d 1026, 1033 (9th Cir. 2014) (citations omitted); 8 C.F.R. § 208.18(a)(1).

**PETITION FOR REVIEW DENIED.**